UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENRIQUE LUCERO, et al.,

                                 **Plaintiffs,**

                    - against -

ALICE CLEANERS, INC., et al.,

                               **Defendants.**

**MEMORANDUM
OPINION AND ORDER**

**16-CV-494 (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

The Parties appeared before the Court for a settlement conference on August 2, 2016, at which the Parties represented that they had come to an agreement. On August 8, 2016, the Parties consented to the jurisdiction of the undersigned. (Doc. No. 29.) The undersigned ordered the Parties to file the terms of the settlement agreement, a joint letter explaining why the proposed settlement is fair and reasonable, and an explanation of the reasonableness of the attorneys' fees sought. (Doc. No. 30.) On March 29, 2016, the Parties submitted the requisite documents for approval. For the reason that follows, their request for approval of the settlement agreement is **DENIED.**

Courts in this District have rejected proposed settlement agreements that contain general, broad releases that include "unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (quoting *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) ("[A]n employer is not entitled to use [an] FLSA claim … to leverage a release from liability unconnected to the FLSA")); *see also*; *Lazaro-Garcia v. Sengupta Food Services*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (quoting *Flood v. Carlson Restaurants Inc.*, No. 14-CV-2740 (AT) (GWG), 2015 WL 4111668, at *2 (S.D.N.Y. Jul. 6,

2015) ("These provisions are 'too sweeping to be 'fair and reasonable' and so must be rejected'")); *Flores-Mendieta v. Bitefood Ltd.*, 15-CV-4997 (AJN), 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016). The Second Circuit recognized how a general release is illustrative of "the potential for abuse in such settlements...underscore[ing] why judicial approval in the FLSA setting is necessary." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citing *Nights of Cabiria*, 96 F. Supp 3d at 170)).

The settlement agreement submitted for review in the case contains such an impermissible overbroad general release. (Doc. No. 32-1 at 2.) It requires Plaintiffs to "completely release, waive and forever discharge all claims against Defendants...from the beginning of the world to the day and date Plaintiff signs this agreement...." Such a release confers an "uncompensated, unevaluated and unfair benefits" on Defendant. *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court therefore rejects the proposed settlement.

The Parties may refile the settlement and letter, curing the defects described above, by **November 30, 2016**. Failure to do so will result in the Court setting pretrial deadlines for this action.

**SO ORDERED this 17th day of November 2016.**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**